UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                            :
JOSE CURET,                                   :
                                                            :
                                Petitioner,    :
                                                            :         14-CV-4831 (VSB) (DF)
                -against-                  :
                                                            :         **OPINION & ORDER**
HAROLD GRAHAM,                  :
                                                            :
                                Respondent.  :
                                                            :
-----------------------------------------------------------X

Appearances:

Jose Curet
Fallsburg, New York
*Pro se Petitioner*

Nancy Darragh Killian
Nicole A. Neckles
Orrie Adam Levy
Bronx County District Attorney's Office
Bronx, New York
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

       Before me is the Objection of pro se Petitioner Jose Curet ("Curet" or "Petitioner") to the 94-page thorough, well-reasoned Report and Recommendation of Magistrate Judge Debra Freeman recommending that I deny Curet's petition for a writ of habeas corpus ("Report and Recommendation," "Report," or "R&R"). (*See generally* R&R.)[1] I have reviewed the Report and Petitioner's Objection. Because I find the Report and Recommendation to be thorough and accurate, I overrule Curet's Objection, ADOPT the Report and Recommendation, and DIMISS

---

[1] "R&R" refers to the Report and Recommendation filed on January 14, 2019. (Doc. 25.) The R&R sets forth the complete factual background of this action as well as its procedural history. It is thus incorporated by reference, and familiarity with it will be presumed.

1

the Petition.

### I. Background and Procedural History[2]

Judge Freeman issued the R&R on January 14, 2019. (Doc. 25.) After receiving an extension of time, (Doc. 27), Curet filed his Objection to the R&R on February 7, 2019. (Doc. 28.) On August 23, 2021, Curet filed a motion for oral argument on his Objection. (Doc. 32.) That motion is still pending.

### II. Legal Standards

#### A. *Review of Magistrate Judge's Report*

Reviewing a magistrate judge's report and recommendation, I "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). I review de novo the portions of the Report to which timely and specific written objections are made. *Id.*; Fed. R. Civ. P. 72(b)(3). "The objection must be 'specific and clearly aimed at particular findings in the R&R.'" *Bussey v. Rock*, No. 12-CV-8267 (NSR) (JCM), 2016 WL 7189847, at *2 (S.D.N.Y. Dec. 8, 2016) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "Otherwise, the court will review the R&R strictly for clear error when a party makes only conclusory or general objections, or simply reiterates the original arguments." *Id.* (internal quotation marks omitted). Under a clear error standard of review, "so long as there is a basis in the evidence for a challenged inference, [the court] do[es] not question whether a different inference was available or more likely." *United States v. Freeman*, 443 F. App'x 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)).

---

[2] *See supra* note 1.

**B.**  *Habeas Relief*

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitions under 28 U.S.C. § 2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Under the first test, "a writ of habeas corpus will issue only if 'a state court's application of federal law . . . is so erroneous that there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Duhs v. Capra*, 639 F. App'x 691, 694 (2d Cir. 2016) (quoting *Nevada v. Jackson*, 569 U.S. 505, 508–09 (2013) (per curiam)). "Thus, even a showing of 'clear error' will not suffice." *Id.* (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014)). With regard to the second test, a state court's factual findings are presumed correct unless the Petitioner comes forward with clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

**III.    Discussion**

Curet's Objection fails to comply with the requirement that it be "specific and clearly aimed at particular findings in the R&R." *Bussey,* 2016 WL 7189847, at *2 (citation omitted). Rather, Curet makes "only conclusory or general objections" and "simply reiterates [his] original arguments," which confines my review to one for "clear error." *Id.* I have carefully reviewed Curet's Objection, and only three of Curet's arguments concern matters addressed in the R&R. However, Curet fails to discuss what the R&R actually found on these matters and does not explain why the R&R is in error.

First, Petitioner "object[s] to the [R&R]'s conclusion that [Petitioner] is procedurally

barred" from raising the issue of the trial court's refusal to let Petitioner "introduce his own pre-trial statements into evidence." (Obj. 16.)[3] However, Curet ignores the fact that in addition to finding that he was procedurally barred from raising the issue of the admission of his own statements during his trial, the R&R also assesses the merits of this argument and finds that "Petitioner's own out-of-court statements constituted inadmissible hearsay, and thus it was not error under state law for the court to have excluded them." (R&R 53.) Petitioner does not explain why the R&R is incorrect on this point, nor does he cite federal or New York law permitting defendants to admit their own statements during their trials. Instead, he makes the overly general and vague claim that the R&R, if adopted, "would gut th[e] protection by interpreting *Chambers v. Mississippi*, 410 U.S. 284 [(1973)], [sic] is unreliable an unreasonable application of clear established Federal Law." (Obj. 16). Petitioner, who did not testify in the state court proceedings, (*see* R&R 26, 54), does not explain what he means by this reference to *Chambers*.

Second, Petitioner argues that the R&R was wrong to find that, during his criminal trial in state court, the state court did not "violate[] [Petitioner's] right to defend himself" by refusing to "submit the affirmative defense" to felony murder "to the jury." (Obj. 17–18.) Petitioner says he "satisfied the requisite elements to invoke the affirmative defense." (*Id.* at 17.) However, the R&R explains that the trial "court was required to submit that statutory defense to the jury only if a reasonable view of the evidence, viewed most favorable to the Petitioner, could be found to support each of its stated elements by a preponderance of the evidence." (R&R 50.) The R&R then explains that, among other things, the testimony Petitioner identified as supporting the affirmative defense actually runs counter to it, because "the statement, if credited, strongly

---

[3] "Obj" refers to Petitioner's Objection to Report and Recommendation. (Doc. 28.)

4

suggests that Petitioner knew he was entering into a situation where serious physical injury was likely." (*Id.* at 52.) Petitioner clearly disagrees, as he believes the statement shows he "had no reasonable ground to believe that . . . death or serious physical injury" would result. (Obj. 19.) However, he never explains why the R&R is wrong or indeed even indicates what parts of the statement in question would support his contention. Rather, as the R&R accurately explains, the statement "indicates that [a co-defendant] and Petitioner had discussed how to 'go get the guy' that" owed their compatriot "10 key[s]" before they entered the victims' apartment, as well as that Petitioner and his co-defendant went to the apartment as part of a crew of at least three people. (R&R 52; *see also id.* at 10 (reciting the complete statement).) I thus agree with the R&R's conclusion that Petitioner has not shown he was entitled to plead the affirmative defense "even upon *de novo* review of the claim." (*Id.* at 53.)

Third, "Petitioner objects to the Magistrate Judge's" rejection of Petitioner's claim that "he was denied a fair and impartial jury" because of "outside influence which invaded the jury room and caused the jury to return the verdict that it did." (Obj. 22–23.) Again, the R&R assesses the various allegations of "extra-record evidence" and concludes that "Petitioner has not demonstrated" that "the extra-record information had a substantial and injurious effect on the jury's deliberations[] such that it resulted in actual prejudice to him." (R&R 69–72 (internal quotation marks omitted).) Petitioner never explains why this finding is wrong.

Moreover, the R&R recounts at some length the extent of the state court process Petitioner received on his claim of juror misconduct. It sets forth, among other things, the hearing the trial court conducted to assess whether any extra-record evidence biased the jury or otherwise violated state or federal law, (Obj. 19–22), the trial court's conclusion that the record showed "that [any extra-record] information did not impact [the jury's] ultimate verdict in the

5

case or their ability to be fair," (*id.* at 28 (internal quotation marks omitted)), and how Petitioner raised this "juror misconduct" issue by including it in a coram nobis petition asserting ineffective assistance of appellate counsel for not raising it in a prior direct appeal, (*id.* at 32). Thus, contrary to Petitioner's contention that he "was never able to properly present the juror misconduct" to "the appellate division," (Obj. 24), the record shows he did just that through the coram nobis petition he filed with the Appellate Division, (R&R 30–31).[4] Petitioner argues that the R&R used a "general standardized denial [that] does not resolve the ineffective assistance appellate counsel claim presented," (*id.*), but he again mischaracterizes the R&R since it states that, because "Petitioner lacks a meritorious claim[] regarding juror misconduct, he also cannot show . . . that his appellate counsel gave him ineffective assistance by failing to raise" the issue, (R&R 73). Once again, Petitioner fails to address the R&R's conclusion on this point, which is his burden.

Petitioner appears to argue that the R&R's findings on Petitioner's juror misconduct claim runs "contrary to *Wilson v. Seller*, 138 S. Ct. 1188, 1192 (2018)." (Obj. 25.) However, that case has no bearing here. In *Wilson*, the Supreme Court explained that, in the normal course, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." 138 S. Ct. at 1192. It went on to explain "how a federal habeas court is to find the state court's reasons when the relevant state-court decision on the merits, say, a state supreme court decision, does not come accompanied with those reasons." *Id.* Here, the R&R found that Petitioner's juror misconduct claim failed even if no deference were given to any state court's reasoning, and it engages in a full merits review of the record and concludes that "Petitioner has not demonstrated, based on objective evidence, that the extra-

---

[4] Petitioner's coram nobis spanned approximately 78 pages. (Doc. 12-9, 12-10).

record information [underlying his juror misconduct claim] had a substantial and injurious effect on the jury's deliberations." (*See* R&R 72–73.)

Relatedly, Petitioner seems to be requesting an evidentiary hearing in conjunction with his petition. (*See* Obj. 26). He quotes language that a habeas petitioner may receive an evidentiary hearing if he puts forth "sufficient facts to show the reasonable probability of a different outcome." *Wilson v. Butler*, 813 F.2d 664, 669 (5th Cir. 1987).[5] Even if this were the rule, Petitioner does not articulate what facts would lead anyone to conclude that his case could have resulted in a different outcome.

Indeed, much of Petitioner's Objection is structured this same, flawed way. For example, he repeatedly cites or quotes case law in general terms, but either (1) fails to explain how the law applies to entitle him to habeas relief on the facts of his case, (*see, e.g.*, Obj. 5–6 (citing law regarding how a petitioner may make out an ineffective assistance of counsel claim by showing, among other things, "a reasonable probability that but for counsel's error[,] [t]he outcome would have been different" without explaining why raising any issue would have likely resulted in a different outcome (citations omitted)); *id.* at 21–22 (arguing that "charging both intentional and reckless homicide in one indictment [is] improper," and making the leap that charging intentional murder and felony murder together is improper)); or (2) makes arguments already rejected by Judge Freeman in the R&R without addressing how Judge Freeman erred in rejecting the argument, (*see, e.g.*, *id.* at 12–14 (discussing the "constitutional right to have the jury reach a unanimous decision" without making any reference to the R&R's extensive explanation of why that right was not violated in Petitioner's case (citations omitted)); *id.* at 16–19 (citing case law on the right to submit the affirmative defense to felony murder to the jury and discussing the

---

[5] Petitioner's Objection did not provide the correct citation for this quotation.

same evidence the R&R determined not to support the affirmative defense without explaining how the R&R is in error); *id.* at 21–22 (arguing that "charging both intentional and reckless homicide in one indictment [is] improper," and making the leap that charging intentional murder and felony murder together is improper, without referencing the R&R's explanation of why this is not improper)). (*See also id.* at 11 (arguing that "when a claim is raised regarding counsel's performance on direct appeal a hearing is required to resolve such claims on error coram nobis" without providing any citation for this proposition).) Petitioner has thus failed to (1) meet the applicable standards to show that Magistrate Judge Freeman erred in the Report, and (2) demonstrate his entitlement to habeas relief.

I have reviewed the remainder of the R&R for clear error, and I find none.

### IV.   Conclusion

For the reasons stated above, Petitioner's Objection is overruled, the Report is ADOPTED in full, and his Petition is DENIED. Petitioner's motion for oral argument is DENIED as moot. The Clerk of Court is respectfully directed to terminate all open motions on the docket, to close the case, and to mail a copy of this Opinion & Order to Petitioner. SO ORDERED.

Dated:  May 11, 2022
         New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge